UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-184-FDW

| | | |
|---|---|---|
| BOBBY RAY GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCOTT S. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Motion to Strike Voluntary Dismissal and Reinstate Complaint [and] Motion to Add Defendants to Complaint," (Doc. No. 10), and "Motion to Particularize Complaint," (Doc. No. 11).

Plaintiff filed a Complaint pursuant to the Federal Tort Claims Act against the Clerk of the United States Supreme Court, Scott S. Harris, on October 9, 2017, (Doc. No. 1). His motion to proceed *in forma pauperis* was granted on November 20, 2017. (Doc. No. 6). On December 18, 2017, he filed a "Motion to Dismiss" that the Clerk of Court docketed as a Notice of Voluntary Dismissal on December 27, 2017, and the Clerk terminated this case the same day. (Doc. No. 7). Plaintiff mailed a Letter to the Court that was docketed on February 15, 2018, that was construed as a Motion to Vacate the Filing Fee. (Doc. No. 8). The Court denied the Motion on February 27, 2018. (Doc. No. 9).

Plaintiff has now filed the instant Motions seeking to reopen the case, reinstate the Complaint, and permit him to amend and add parties. (Doc. Nos. 10, 11).

Under Rule 41(a)(1)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a

1

motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). The dismissal is without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B).

"A voluntary dismissal under Rule 41(a)(1)(i) 'is available as a matter of unconditional right and is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (quoting Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (citations omitted)). A dismissal without prejudice "operates to leave the parties as if no action had been brought at all." In re Matthews, 395 F.3d at 480 (quoting Dove v. CODESCO, 569 F.2d 807, 809 n. 3 (4th Cir. 1978)). Thus, "after an action is voluntarily dismissed without prejudice, the court lacks authority to conduct further proceedings on the merits." In re Matthews, 395 F.3d at 480-481 (citing Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001); Foss v. Fed. Intermediate Credit Bank of St. Paul, 808 F.2d 657, 660 (8th Cir. 1986)).

In other words, the effect of a voluntary dismissal without prejudice under Rule 41(a)(1)(i) is that the district court is deprived of jurisdiction over the action. See Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 Fed. Appx. 349, 350 (4th Cir. 2010) (unpublished) (stating the district court was divested of jurisdiction when the action was terminated by the filing of a motion for voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) (citing In re Matthews, 395 F.3d at 480; Marex Titanic, Inc., 2 F.3d at 546)).

At the moment Plaintiff filed the notice of voluntary dismissal, the case was terminated and this court was divested of jurisdiction. See Jones, 375 Fed. Appx. at 350; Marex Titanic, 2 F.3d at 546. To proceed with his claims, Plaintiff must file a new action.

**IT IS THEREFORE ORDERED** that:

1.    Plaintiff's "Motion to Strike Voluntary Dismissal and Reinstate Complaint [and] Motion to Add Defendants to Complaint," (Doc. No. 10), and "Motion to Particularize Complaint," (Doc. No. 11), are **DENIED**.


Signed: July 8, 2018

Frank D. Whitney
Chief United States District Judge